IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| KAREN MILNER ) | |
| ) | |
| v. ) | Case No. 3:22-cv-00522 |
| ) | |
| CHRISTINE E. WORMUTH ) | |

TO: Honorable Aleta A. Trauger, United States District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered December 5, 2022 (Docket Entry No. 42), this *pro se* employment discrimination action was referred to the Magistrate Judge. Pending before the Court is Defendant's partial motion to dismiss or, in the alternative, for summary judgment (Docket Entry No. 55). The motion is opposed by Plaintiff. For the reasons set out below, the undersigned respectfully recommends that the motion be granted in part and denied in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Karen Milner ("Plaintiff") is a civilian employee of the United States Department of the Army ("DOA") who worked primarily at the Fort Campbell Garrison ("Fort Campbell") in Clarksville, Tennessee.[2] It appears that her most recent job position at Fort Campbell was as "director of the Army Community Service Program." *See* Amended Complaint (Docket Entry No 54) at 2, ¶ 2.

---

[1] The background facts are summarized from Plaintiff's amended complaint unless otherwise noted.

[2] The current status of Plaintiff's employment is unclear from the record before the Court.

In 2015, Plaintiff filed a formal EEO complaint about what she believed was gender discrimination and other wrongdoing in her workplace. The complaint resulted in a negotiated settlement in 2017. She alleges that her supervisors thereafter engaged in a pattern of conduct intended to diminish, humiliate, and ostracize her and to diminish her duties and responsibilities and undermine her ability to secure wage increases or promotions.

Specifically, Plaintiff points to supervisory employees Kent Shaw ("Shaw") and Johnathan Hunter ("Hunter") as the main actors in the reprisal. She alleges that: (1) Hunter made false allegations to her direct supervisor that the organization Plaintiff led was not cooperating with other community partners on a project; (2) Hunter "blindsided and humiliated" her in a February 11, 2019, meeting by announcing that the duties of Plaintiff's organization were being removed and transferred to a private organization; (3) Hunter substantially reduced the responsibilities and duties of Plaintiff's organization and Plaintiff lost a member of her team; (4) Plaintiff was given a performance rating that included a rating of 3 on one of the standards, which she contends was a direct result of the diminished role of her organization; (5) Plaintiff's request to directly speak to the Garrison commander about Hunter was denied and she was told her request to speak to the commander would have to go through Hunter; (6) Plaintiff's supervisory authority was undermined by an event in which Shaw was involved regarding a performance award for one of her employees; (7) Plaintiff was downgraded for an award and was not approved for a Quality Step Increase ("QSI"), events in which Shaw was involved; and, (8) Hunter provided incorrect information about Plaintiff to Mark Ryales. Plaintiff alleges that the actions of Shaw and Hunter were continuous and ongoing and that she ultimately had to leave her position at Fort Campbell to

2

avoid further harassment and reprisal. *See* Amended Complaint at 4-11. Plaintiff provides only minimal and vague information about the circumstances of leaving her position. *Id*. at 7, ¶ 39.

On or about August 6, 2019, Plaintiff complained about the workplace incidents through her workplace EEO procedures, and she filed a formal EEO complaint on September 24, 2019, after engaging in EEO counseling. Plaintiff does not state the outcome of her EEO complaint. *Id*. at 2, ¶¶ 7-9.

With the benefit of counsel, Plaintiff filed this lawsuit on July 20, 2021, against Christine Wormuth, the Secretary of the DOA ("Defendant"), bringing claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., for (1) retaliation and (2) gender based discrimination. *See* Complaint (Docket Entry No. 1).[3] She also alleged a claim for "wrongful termination in violation of public policy," but this claim was dismissed by the Court upon Plaintiff's motion to voluntarily dismiss the claim. *See* Notice of Voluntary Dismissal (Docket Entry No. 13) and Order entered March 8, 2022 (Docket Entry No. 14).

In lieu of an answer and prior to an initial case management conference, Defendant filed a motion for summary judgment that was supported by several declarations and attachments. *See* Docket Entry Nos. 29-37. Plaintiff's counsel was soon thereafter permitted to withdraw, *see* Order entered December 5, 2022 (Docket Entry No. 42), and Plaintiff did not secure replacement counsel. After Plaintiff filed a *pro se* request to defer her response to the motion for summary judgment because discovery had not yet occurred, the Court directed Plaintiff to respond only to

---

[3] The lawsuit was filed in the Eastern District of Kentucky but was later transferred to this Court. *See* Order entered July 12, 2022 (Docket Entry No. 18).

Defendant's technical arguments for dismissal and deferred a ruling on any evidentiary based arguments until after the conclusion of discovery.[4] *See* Order entered March 1, 2023 (Docket Entry No. 46).

Plaintiff then filed a response and also a motion to amend her complaint. The Court granted the motion to amend and, in light of Plaintiff's new pleading, dismissed the motion for summary judgment without prejudice to re-filing as to the technical defenses raised by Defendant in the dismissed motion. *See* Order entered May 3, 2023 (Docket Entry No. 53).

In her amended complaint, Plaintiff: (1) restates the same factual allegations made in the original complaint; (2) raises the same retaliation claim that was set out in the original complaint; (3) drops the gender discrimination claim and replaces it with a specific claim for a retaliatory, hostile work environment; and, (4) re-asserts the wrongful termination claim that was previously dismissed. *See* Amended Complaint.

## II. DEFENDANT'S MOTION AND PLAINTIFF'S RESPONSE

In response to the amended complaint, Defendant filed the pending dispositive motion. Defendant seeks dismissal of Plaintiff's lawsuit under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, seeks summary judgment under Federal Rule 56. Defendant includes a statement of undisputed material facts within her supporting memorandum of law (Docket Entry No. 56) at 2-6, and relies upon evidence (Docket Entry Nos. 31, 32, 34, 34-

---

[4] Defendant raised three technical defenses: (1) Plaintiff is barred from pursuing claims that were previously resolved in the negotiated settlement; (2) Plaintiff is barred from pursuing claims that were not timely exhausted at the administrative level; and, (3) Plaintiff is barred from pursuing gender discrimination claims that were not included in the 2019 EEO charge. Additionally, Defendant argued that Plaintiff could not show a *prima facie* case or establish pretext for any surviving claims. *See* Memorandum in Support (Docket Entry No. 30-1).

1, 35, and 36) that was filed in support of the prior motion for summary judgment that was dismissed without prejudice.

Defendant argues that: 1) to the extent that Plaintiff's complaint can be read to bring a claim based upon events that occurred prior to 2017, such a claim fails because those events were raised in the 2015 EEO complaint that was resolved through a negotiated settlement; 2) Plaintiff cannot pursue claims based upon events occurring more than 45 days prior to her initial contact with an EEO counselor on August 6, 2019, because she did not timely exhaust administrative remedies for these events; 3) to the extent that Plaintiff's complaint includes a claim that is based upon events occurring in 2020 and 2021, Plaintiff did not timely exhaust administrative remedies for these events; 4) Plaintiff's allegation that she was denied a Quality Step Increase ("QSI") fails to support a retaliation claim because the denial of a discretionary award does not amount to an adverse employment action upon which a retaliation claim can be based; 5) Plaintiff's hostile work environment claim fails as a matter of law; and, 6) the Court lacks jurisdiction over Plaintiff's wrongful termination claim because this claim was previously dismissed. *See* Memorandum in Support.

Plaintiff responds in opposition to Defendant's motion. *See* Response (Docket Entry No. 58). She argues that the 45 day period for contacting an EEO counselor should not apply because it is arbitrary, too short, and not fair to federal employees. *Id*. at 1 and 6-8. She then argues that many of the events alleged in her amended complaint are not distinct acts that would trigger the 45 day reporting, but instead should be viewed as continuing violations or as events that support her hostile workplace claim and are related to the denial of a QSI, which occurred within 45 days of her contact with the EEO counselor. *Id*. at 7-9. Finally, Plaintiff contends that Defendant's

argument that she failed to timely exhaust claims arising in 2020 and 2021 is an evidence based argument that is not appropriate to resolve at this time. *Id*. at 9.

In reply, Defendant points out that Plaintiff does not dispute Defendant's statement of undisputed material facts and argues that Plaintiff fails to raise any arguments that cure her failure to timely raise her claims at the administrative level. *See* Reply (Docket Entry No. 59).

### III. LEGAL STANDARDS AND ANALYSIS

#### A. The Nature of Defendant's Motion

Defendant's motion is submitted as a motion to dismiss, or alternatively, as one for summary judgment. The distinction is not insignificant because a motion to dismiss generally does not involve consideration of matters outside the pleadings, *see* Rule 12(d), and because the applicable standards of review are different. In the Order entered March 1, 2023 (Docket Entry No. 46), the Court found that summary judgment arguments were premature at that time because discovery had not yet occurred and the case was not in a procedural posture that would permit the resolution of evidentiary based arguments. *Id*. at 3. The current procedural posture of the case essentially remains the same as it was in March given that discovery has been put on hold until resolution of the current dispositive motion.

Nonetheless, Defendant has submitted a statement of undisputed material facts and relies on declarations and other evidentiary materials in support of its motion. To the extent that Defendant requests that the Court to consider the motion as one for summary judgment, the Court declines to do so. A decision on summary judgment is simply not appropriate at this stage of the proceedings. Defendant is correct that the Court may consider matters of public record, as well as exhibits or documents that are referred to in a complaint and are central to the claims asserted in

6

the complaint, without converting the motion to dismiss into a motion for summary judgment. *See Watermark Senior Living Retirement Communities, Inc. v. Morrison Management Specialists, Inc.*, 905 F. 3d 421, 425 (6th Cir. 2018). However, the scope and nature of the exhibits relied on by Defendant in support of the motion, which include declarations and the EEOC investigative file, goes beyond what the Court may appropriately consider in treating the motion as a motion to dismiss. Accordingly, the Court will review Defendant's motion only as a motion to dismiss, will not consider arguments for summary judgment, and will exclude consideration of the bulk of the supporting materials submitted by Defendant.[5]

### B. Standard of Review

In reviewing a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept the well-pleaded material allegations of the pleadings as true. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Although the complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–61 (2007). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well pleaded factual allegations must "do more than create speculation or suspicion of a legally

---

[5] Because Plaintiff refers in her pleading to the 2019 EEO proceedings, it is appropriate for the Court to consider some of the materials arising from those proceedings, such as her actual EEO complaint, in determining the merits of the exhaustion defense.

cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

Although the Court is required to give the pleadings of *pro se* litigants a liberal construction, *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), the Court cannot supply or assume facts that are not pled or create claims for a party that are not pled. *See Bell v. Tennessee*, 2012 WL 996560 at *9 (E.D. Tenn. March 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000).

As a general rule, matters outside the pleadings may not be considered in ruling on a motion to dismiss under Rule 12(b)(6) unless the motion is converted to one for summary judgement under Rule 56. *See* Rule 12(d). However, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion dismiss into one for summary judgment. *Blanch v. Trans Union, LLC*, 333 F. Supp. 3d 789, 791-92 (M.D. Tenn. 2018).

### C. The Claims that are before the Court

Plaintiff specifically asserts three claims: (1) a claim for unlawful retaliation against her because she engaged in EEO activity by reporting sexual harassment in 2015, *see* Amended Complaint at 7-8; (2) a claim that she was subjected to hostile work environment in retaliation for her 2015 EEO activity; *id*. at 8-9; and, (3) a claim for wrongful termination in violation of public policy. *Id*. at 9.

Defendant requests the dismissal of part of the first two claims and the dismissal of the third claim, arguing that the Court lacks jurisdiction over these claims. Specifically, Defendant contends that (1) Plaintiff cannot base either of her first two claims upon events that were addressed

8

Case 3:22-cv-00522   Document 60   Filed 12/12/23   Page 8 of 17 PageID #: 457

in the 2017 negotiated settlement and (2) Plaintiff cannot pursue a claim for wrongful termination against public policy because this claim was previously voluntarily dismissed from the case.

Although the Court does not agree that a lack of jurisdiction argument applies, the Court nonetheless agrees with Defendant as to the request for dismissal, based on the following circumstances. First, although Plaintiff includes in her amended complaint allegations of events that led to her 2015 EEO activity and that were included in the 2017 negotiated settlement, *see* Amended Complaint at 2-4, ¶¶ 6-10, she does not seek enforcement of the 2017 negotiated settlement and does not bring a claim based upon violation of that settlement. Further, it is apparent from reading the amended complaint as a whole that these events are set out as background events and are not intended to be the basis of an actual claim. Indeed, these events preceded Plaintiff's 2015 EEO contact and therefore could not have occurred as retaliation against her because of the 2015 EEO contact.

Second, although Plaintiff re-asserted in her amended complaint the claim for "wrongful termination in violation of public policy" that was previously dismissed, her response to the motion to dismiss does not rebut Defendant's argument that this claim has already been dismissed, does not address the claim, and, in fact, specifically acknowledges that her claims in this case are only a claim for retaliation for prior EEO activity and a claim for a hostile work environment. *See* Response at 1. Accordingly, the Court finds that the wrongful termination claim, to the extent that it was properly re-asserted,[6] has been abandoned by Plaintiff.

---

[6] Plaintiff moved to voluntarily dismiss the wrongful termination claim at a time when she was represented by counsel and in the face of motion from Defendant seeking the dismissal of this claim. *See* Docket Entry Nos. 9 and 13. In attempting re-assert the claim, Plaintiff did not address either her prior dismissal of the claim or the arguments for dismissal that were previously raised.

9

Case 3:22-cv-00522    Document 60    Filed 12/12/23    Page 9 of 17 PageID #: 458

### D. Retaliation under Title VII

Title VII's anti-retaliation provision prohibits an employer from discriminating against an employee "because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e–3(a). An employee engages in protected activity when the employee opposes employer practices that the employee reasonably believes are in violation of the statute. *See Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 579 (6th Cir. 2000).

The anti-retaliation provision protects an employee from materially adverse actions that are based on retaliation. *Rogers v. Henry Ford Health Sys.*, 897 F.3d 763, 775-76 (6th Cir. 2018). This includes being protected from a retaliatory hostile work environment. *Khamati v. Sec'y of Dep't of the Treasury*, 557 F.App'x 434, 443 (6th Cir. 2014) ("a retaliatory hostile work environment claim [is] a variety of retaliation"). To show a materially adverse action for purposes of a retaliation claim, the plaintiff must show that the action might have dissuaded a reasonable worker from making or supporting a charge of discrimination. *Barrow v. City of Cleveland*, 773 F.App'x 254, 262-63 (6th Cir. 2019).

### E. Exhaustion of Plaintiff's Claims

The crux of Defendant's motion is the argument that, with one exception, Plaintiff failed to bring her claims to the attention of an EEO counselor in a timely manner and therefore failed to exhaust the claims. Defendant asserts that federal employees are required to bring an alleged discriminatory/retaliatory act to the attention of an EEO counselor within 45 days of the act. Defendant contends that it is undisputed that Plaintiff's first EEO contact about the events at issue in this case occurred on August 6, 2019, and only acts occurring on or after June 22, 2019, were

10

timely pursued by her at the administrative level. Defendant argues that the only act specifically alleged in Plaintiff's pleading that occurred within the 45 day period is the denial of a QSI, which is alleged to have occurred on or about June 28, 2019.

Before a federal employee can file a claim under Title VII, the employee must exhaust his or her administrative remedies. "In permitting federal employees to sue under Title VII, Congress conditioned the government's waiver of sovereign immunity upon a plaintiff's satisfaction of rigorous administrative exhaustion requirements and time limitations." *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002) (quoting *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 833 (1976)) (internal quotation marks omitted). One requirement is that the employee "initiate contact with a[n] [EEO] Counselor within 45 days of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." *McFarland*, 307 F.3d at 406 (alterations in original) (quoting 29 C.F.R. § 1614.105(a)(1)). "Timely contact with an EEO counselor is an administrative remedy that a federal employee must invoke before he may bring a claim of employment discrimination in federal district court." *Horton v. Potter*, 369 F.3d 906, 910 (6th Cir. 2004) (citing *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991)). Failure to comply with the 45-day time limitation is cause for dismissal of a claim. *Hunter v. Sec'y of the U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009); *Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003).

Plaintiff takes issue with the fairness of the 45-day period, arguing that it is arbitrary and unnecessarily short in duration as compared to the longer time periods that apply to the claims of non-federal employees. This argument, however, simply fails to provide a legal basis upon which the Court can ignore the statutorily imposed time period that applies to Plaintiff's claims. Although Plaintiff makes a brief reference in her response to waiver, estoppel, and equitable tolling

11

of the time period, *see* Response at 6, she fails to actually present an argument that any of these theories apply, and the Court will not endeavor to make an argument for her.

Plaintiff's first claim is most accurately viewed as a claim of general retaliation which challenges particular acts as being retaliatory. Because this type of claim challenges the lawfulness of a discreate act, Plaintiff must have lodged her complaint with an EEO counselor within 45 days of the alleged retaliatory act in order to proceed on a general retaliation claim based upon the act. *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101,113-14 (2002).

In the instant case, it is undisputed that Defendant's denial of the QSI for Plaintiff is the only complained about conduct that occurred within the 45 day period prior to her EEO contact on August 6, 2019. For the purposes of Plaintiff's general retaliation claim, this is the only event that was timely pursued by her at the administrative level and the only general retaliation claim that has been exhausted.

Plaintiff argues that the Court should apply a continuing violation theory so that all of the workplace events about which she complains in her pleading are viewed as timely for the purposes of her general retaliation claim. *See* Response at 6-7. However, this argument is foreclosed by the law of this Circuit. "When an employee alleges discrete acts of discrimination or retaliation, the continuing violation doctrine may not be invoked to allow recovery for acts occurring outside the filing period." *Taylor v. Donahoe*, 452 F.Appx. 614, 619 (6th Cir. 2011); *Sharpe v. Cureton*, 319 F.3d 259, 268 (6th Cir. 2003).

Plaintiff's second claim is that she suffered a hostile work environment that was linked to a retaliatory animus against her because of her prior EEO activity. This claim is based upon several events that occurred in her workplace during 2018 and 2019 and that are set out in her amended

12

complaint. To be sure, many of these events would likely not constitute actionable independent claims of retaliation. However, this is not fatal to the claim because a hostile work environment claim differs in kind from a general retaliation claim. *Morgan*, 536 U.S. at 115. A hostile work environment claim does not depend upon the presence of any particular action that rises to the level of being actionable in and of itself[7] but instead looks at the entirety of the events alleged to be hostile to determine whether the work environment was sufficiently hostile that it can be said to constitute an unlawful act. *Id*. at 118.

The Court finds that Plaintiff's hostile work environment claim was exhausted by her at the administrative level. For a hostile work environment claim, if "an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id*. at 117. To be timely, the EEO contact need only be made within 45 days of "any act that is part of the hostile work environment." *Id*. at 118. Because Plaintiff's allegation of being denied a QSI was raised in the August 6, 2019 EEO contact within 45 days of when it occurred and because this act is one of the acts alleged to have contributed to the hostile work environment, Plaintiff timely exhausted her hostile work environment claim and the Court may consider the events set out in her amended complaint in the context of determining whether they support a hostile work environment claim.

Defendant argues that each of the events that are set out in Plaintiff's amended complaint as the basis for her hostile work environment claim are events that occurred on a particular day and are thus "discrete acts" that must have been brought to the attention of the EEO counselor

---

[7] The Supreme Court in *Morgan* identified examples of discrete acts as things such as a termination, a failure to promote, a denial of transfer, or a refusal to hire. *Morgan*, 536 U.S. at 114.

within 45 days of when those acts occurred. *See* Defendant's Memorandum in Support at 9-10. The Court finds this argument unpersuasive.

First, Defendant's argument conflates Plaintiff's two distinct claims. The mere fact that events asserted as support for Plaintiff's hostile work environment claim occurred on specific days does not somehow render them unable to be used as support for a hostile work environment claim. Second, Defendant's argument also disregards the unique nature of a hostile work environment claim and *Morgan*'s guidelines for determining when such a claim is exhausted. Only those acts that would ostensibly amount to independent actionable events would fall within the sphere of discrete acts that would be required to be brought to the attention of an EEO counselor within 45 days.

### F. QSI Claim

Defendant argues that Plaintiff's general retaliation claim based upon the denial of a QSI should be dismissed because the denial of a discretionary award, such as the QSI, fails to constitute an adverse employment action, and Plaintiff cannot therefore establish a *prima facie* case of retaliation. *See* Defendant's Memorandum in Support at 13. In support, Plaintiff cites to several cases in which summary judgment was granted to a defendant based on an employee's failure to satisfy the *prima facie* burden for a claim of retaliation. *Id*. at 13-14.

However, "[a] Title VII plaintiff need not make a *prima facie* showing to survive a motion to dismiss." *Bar v. Kalitta Charters II, LLC*, 2022 WL 3042844, at *3 (6th Cir. Aug. 2, 2022) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). The Court has declined to consider Defendant's motion as one for summary judgment. Accordingly, whether Plaintiff's allegations are sufficient to satisfy a *prima facie* is not at issue at this time.

14

### G. Hostile Work Environment Claim

Defendant argues that Plaintiff's hostile work environment claim should be dismissed as a matter of law. *See* Defendant's Memorandum in Support at 14. However, this argument is based entirely upon Defendant's failure to exhaust argument, which the Court rejects for the reasons stated above, and Defendant fails to actually raise an alternative argument for dismissal of the hostile work environment claim.[8]

### H. Constructive Discharge and 2021 EEO Charge

Finally, Defendant seeks the dismissal of retaliation claims that are based upon any assertion made by Plaintiff that she was passed over for a promotion in October 2020 and that she was forced to transfer for a new position or constructively discharged. Defendant asserts that Plaintiff first made contact with an EEO counselor on December 1, 2020 about these events but that neither event was timely presented in the EEO contact because the events occurred more than 45 days prior to December 1, 2020. *See* Defendant's Memorandum in Support at 11-13.

Resolving this issue at the present time is somewhat difficult because Plaintiff's amended complaint makes only a vague reference "that she had to leave her position at Fort Campbell to avoid further harassment and reprisal," *see* Amended Complaint at 7, ¶ 39, and contains no other specific factual allegations about changing positions due to her work environment. Plaintiff does

---

[8] In the section of its memorandum seeking dismissal of the hostile work environment claim as a matter of law, Defendant cites to *Scott v. Eastman Chem. Co.*, 275 F.Appx. 466 (6th Cir. 2008), and *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359 (6th Cir. 2010), as support for its argument. However, each of these cases dealt with the issue of whether an employee had adequately asserted a hostile work environment claim in the employee's EEO charge and thus exhausted the claim. The scope of Plaintiff's EEO charge and whether it supports the claims asserted in her case is not at issue and is not raised as an argument for dismissal.

15

not specifically assert a claim of constructive discharge. Additionally, there are no factual allegations in the amended complaint that even make a vague reference to Plaintiff being passed over for any type of promotion. For these reasons, it is questionable whether these claims are even raised in Plaintiff's pleading. However, both parties have proceeded as if they were a part of this case. Accordingly, assuming that these claims are part of the case, or that they would be permitted to be added upon amendment, the Court finds that resolving the exhaustion issue as to these claims requires consideration of the evidentiary materials submitted by Defendant, which goes beyond the permissible scope of the pending motion to dismiss.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED Defendant's partial motion to dismiss or, in the alternative, for summary judgment (Docket Entry No. 55) be:

1) DENIED to the extent that Defendant seeks summary judgment on any claim;

2) GRANTED to the extent that Defendant seeks the dismissal of Plaintiff's wrongful termination claim (Count III) and the dismissal of Plaintiff's general retaliation claim (Count I) to for any claim based upon any events occurring prior to the June 2019 denial of the QSI; and

3) DENIED in all to her respect.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 155

16

Case 3:22-cv-00522   Document 60   Filed 12/12/23   Page 16 of 17 PageID #: 465

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

    Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge