# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **KAREN MILNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:22-cv-00522** |
| | ) | **Judge Aleta A. Trauger** |
| **CHRISTINE E. WORMUTH, Secretary** | ) | |
| **of the Army,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM

Plaintiff Karen Milner filed suit in July 2021 against Christine E. Wormuth, in her capacity as Secretary of the Army.[1] In the Amended Complaint, she asserts claims for (1) retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), (2) retaliatory hostile work environment, also under Title VII, and (3) wrongful termination in violation of public policy, under Kentucky law. (Doc. No. 54.) Now before the court are the defendant's timely Objections (Doc. No. 61) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 60), which recommends that the defendant's Partial[2] Motion to Dismiss or In the Alternative, for Summary Judgment ("Motion to Dismiss") (Doc. No. 55) be granted in part and denied in part. The plaintiff has neither filed her own objections nor responded to the defendant's Objections.

For the reasons set forth herein, the defendant's Objections will be overruled in part. The R&R will be accepted in part and rejected in part, and the Motion to Dismiss will be granted in

---

[1] The plaintiff was originally represented by counsel but now proceeds *pro se*.

[2] It is unclear why the defendant's motion is designated as a "Partial Motion to Dismiss," as she seeks dismissal of all claims set forth in the Amended Complaint.

part and denied in part.

## I.   STANDARD OF REVIEW

When a party files timely objections to a magistrate judge's ruling on a dispositive matter, such as a motion to dismiss, the district court must review *de novo* any portion of the report and recommendation to which objections are "properly" lodged. Fed. R. Civ. P. 72(b) (3); 28 U.S.C. § 636(b)(1)(B) & (C). An objection is "properly" made if it is sufficiently specific to "enable[ ] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The plaintiff's original Complaint was filed in July 2021 in the U.S. District Court for the Western District of Kentucky, Louisville Division. It was initially transferred to the U.S. District Court for the Western District of Kentucky, Paducah Division, before being transferred to this court in July 2022. (Doc. No. 18.) By then, the plaintiff had voluntarily dismissed Count III of the Complaint, which asserted a claim for wrongful termination under Kentucky law. (*See* Doc. Nos. 13, 14.) Following transfer, the defendant filed her first Motion for Summary Judgment (Doc. No. 29), along with substantial quantities of evidentiary material (Doc. Nos. 31–36 and attachments

thereto).[3] When the plaintiff requested that the court defer ruling on the motion until after she was able to conduct discovery, the Magistrate Judge to whom the case was referred entered an Order directing the plaintiff to respond to only those portions of the defendant's motion that did not appear to depend on the underlying factual record and expressly notifying the parties that any decision on the remaining summary judgment arguments would be "reserved for decision upon the conclusion of discovery." (Doc. No. 46, at 1.) The court further noted that, "[g]iven that no pretrial management has occurred in this case, that no scheduling order has been entered, and that no actual period for discovery has been provided, . . . it would be fundamentally unfair to require Plaintiff to respond at this time to the evidence-based arguments raised by Defendant in her motion." (*Id.* at 3.)

The plaintiff thereafter responded to the motion but filed a Motion to Amend her Complaint at the same time. The Magistrate Judge granted that motion and denied as moot the pending Motion for Summary Judgment. The Amended Complaint withdraws a claim for discrimination based on sex and adds the hostile work environment claim. It also appears to reinstate the previously dismissed wrongful termination claim (Doc. No. 54.)

The defendant promptly filed the presently pending Motion to Dismiss, seeking dismissal of all claims asserted in the Amended Complaint. In her Memorandum in support of the Motion to Dismiss, the defendant argues, as relevant here, that:

> (1) the plaintiff failed to timely exhaust her administrative remedies, as a result of which her Title VII retaliation claim in Count I of the Amended Complaint is time barred (for failure to exhaust), insofar as it is based on discrete events that occurred prior to June 22, 2019 (45 days prior to the plaintiff's initial contact with the Equal Employment Opportunity Commission "(EEOC")) (Doc. No. 56, at 9 (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114–15 (2002)));

---

[3] The plaintiff's Kentucky-based counsel was permitted to withdraw at that time, and the plaintiff has not procured substitute counsel.

(2) the only discrete event regarding which the plaintiff properly exhausted her retaliation claim is the June 2019 denial of a discretionary award (a Quality Step Increase ("QSI")), but the claim based on that event must be dismissed, because it does not qualify as an adverse employment action for purposes of Title VII;

(3) the hostile work environment claim fails as a matter of law, because "Plaintiff has not timely exhausted a claim for hostile work environment and for that reason alone, Count II should be dismissed in its entirety" (Doc. No. 56, at 14 (citing *Scott v. Eastman Chem. Co.*, 275 F. App'x 466, 474–75 (6th Cir. 2008), and *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010));

(4) the court lacks jurisdiction over the "wrongful termination" claim, which was previously dismissed; and

(5) any claims based on the plaintiff's non-selection for a promotion in the spring of 2020 or a forced transfer in October 2021 must be dismissed for failure to exhaust, because they were not timely when they were raised in the plaintiff's 2021 EEOC complaint.

(*See generally* Doc. No. 56.)

In response, the plaintiff argues, among other things, that the continuing violation doctrine should apply to her claims, without actually differentiating between her retaliation claim and her hostile work environment claim. She also "ask[s] for the opportunity to investigate" the claims arising from her 2021 EEOC complaint. (Doc. No. 58, at 9.)

The Magistrate Judge's R&R summarizes the facts set forth in the Amended Complaint, relates the relevant procedural history, and expressly declines to consider the defendant's motion as one for summary judgment, for the same reasons set forth in her March 1, 2023 Order (Doc. No. 46). While noting that the court may consider matters of public record without converting a motion to dismiss into one for summary judgment, which would include, for example, the plaintiff's EEOC complaint, the Magistrate Judge "exclude[s] consideration of the bulk of supporting materials submitted by Defendant." (Doc. No. 60, at 7 & n.5.)

While the Magistrate Judge does not adopt the defendant's jurisdiction-based arguments, the R&R recommends dismissal of the wrongful termination claim in Count III of the Amended

Complaint on the basis that it has been abandoned by the plaintiff. The defendant has no reason to challenge that finding, and the plaintiff has not filed Objections, so the court will accept that recommendation and dismiss Count III without further discussion.

Regarding Count I of the Amended Complaint, for Title VII retaliation, the Magistrate Judge concludes that it is undisputed that the denial of the QSI in June 2019 is the only conduct the plaintiff complains about that occurred within the 45 day period prior to her EEOC contact on August 6, 2019. The Magistrate Judge concludes, for the purposes of the general retaliation claim, that this is the only event that was timely pursued by the plaintiff at the administrative level and "the only general retaliation claim that has been exhausted." (Doc. No. 60, at 12.) The Magistrate Judge recommends dismissal of the retaliation claim to the extent it is based on any events that predated the denial of the QSI. The defendant does not object to this recommendation.

Regarding the retaliation claim based on the denial of the QSI, the R&R also rejects the defendant's assertion that the denial of the QSI is not the type of adverse action required to state a *prima facie* case for retaliation, on the basis that a "Title VII plaintiff need not make a *prima facie* showing to survive a motion to dismiss." (*Id.* at 14 (quoting *Bar v. Kalitta Charters II, LLC*, No. 21-1739, 2022 WL 3042844, at *3 (6th Cir. Aug. 2, 2022)).) The defendant does not challenge this finding.

Next, the R&R rejects the defendant's argument that the hostile work environment claim must be dismissed for failure to timely exhaust:

> Plaintiff's second claim is that she suffered a hostile work environment that was linked to a retaliatory animus against her because of her prior EEO[C] activity. This claim is based upon several events that occurred in her workplace during 2018 and 2019 and that are set out in her amended complaint. To be sure, many of these events would likely not constitute actionable independent claims of retaliation. However, this is not fatal to the claim because a hostile work environment claim differs in kind from a general retaliation claim. A hostile work environment claim does not depend upon the presence of any particular action that rises to the level of

being actionable in and of itself but instead looks at the entirety of the events alleged to be hostile to determine whether the work environment was sufficiently hostile that it can be said to constitute an unlawful act.

The Court finds that Plaintiff's hostile work environment claim was exhausted by her at the administrative level. For a hostile work environment claim, if an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability. To be timely, the EEO[C] contact need only be made within 45 days of any act that is part of the hostile work environment. Because Plaintiff's allegation of being denied a QSI was raised in the August 6, 2019 EEO[C] contact within 45 days of when it occurred and because this act is one of the acts alleged to have contributed to the hostile work environment, Plaintiff timely exhausted her hostile work environment claim and the Court may consider the events set out in her amended complaint in the context of determining whether they support a hostile work environment claim.

Defendant argues that each of the events that are set out in Plaintiff's amended complaint as the basis for her hostile work environment claim are events that occurred on a particular day and are thus "discrete acts" that must have been brought to the attention of the EEO[C] counselor within 45 days of when those acts occurred. The Court finds this argument unpersuasive.

First, Defendant's argument conflates Plaintiff's two distinct claims. The mere fact that events asserted as support for Plaintiff's hostile work environment claim occurred on specific days does not somehow render them unable to be used as support for a hostile work environment claim. Second, Defendant's argument also disregards the unique nature of a hostile work environment claim and *Morgan*'s guidelines for determining when such a claim is exhausted. Only those acts that would ostensibly amount to independent actionable events would fall within the sphere of discrete acts that would be required to be brought to the attention of an EEO[C] counselor within 45 days.

. . . .

Defendant argues that Plaintiff's hostile work environment claim should be dismissed as a matter of law. However, this argument is based entirely upon Defendant's failure to exhaust argument, which the Court rejects for the reasons stated above, and Defendant fails to actually raise an alternative argument for dismissal of the hostile work environment claim.

(*Id.* at 13–14, 15 (footnote, quotation marks, and internal citations to the record and to *National Railroad Passenger Corp. v. Morgan* omitted).) In a footnote, the Magistrate Judge further notes that the defendant's Memorandum cites *Scott v. Eastman Chemical Co.*, 275 F. App'x 466 (6th

Cir. 2008), and *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359 (6th Cir. 2010), in support of her argument addressed to the hostile work environment claim. However, while the defendant here argues that the hostile work environment claim should be dismissed for failure to exhaust, *Scott* and *Younis* "dealt with the issue of whether an employee had adequately asserted a hostile work environment claim in the employee's EEO[C] charge and thus exhausted the claim." (*Id.* at 15 n.8.) The Magistrate Judge found that the defendant in this case, to the contrary, does not address the "scope of Plaintiff's EEO[C] charge and whether it supports the claims asserted in her case." (*Id.*) The defendant's Objections directly challenge this finding and argue that the hostile work environment claim must be dismissed for failure to timely exhaust.

Finally, regarding any retaliation claims based on the plaintiff's being passed over for a promotion and "forced to transfer to a new position" in October 2020, the R&R notes that resolution of the question of whether these claims were exhausted is "somewhat difficult" because the Amended Complaint itself contains only very vague allegations regarding constructive discharge and no reference whatsoever—not even a vague one—to the plaintiff's being passed over for a promotion. (Doc. No. 60, at 15–16.) In other words, as the R&R states, "it is questionable whether these claims are even raised in Plaintiff's pleading." (*Id.* at 16.) At the same time, however, the Magistrate Judge found that both parties have proceeded as if they *are* part of the case. In an abundance of caution, based on a presumption that the claims either are or could become part of the case by amendment, and based on the conclusion that resolution of the claims would require consideration of the evidentiary material submitted by the defendant, the Magistrate Judge declined to affirmatively resolve or dismiss these claims. (*Id.*) The defendant objects to this recommendation as well.

The defendant raises two arguments in opposition to the recommendation that the hostile work environment claim not be dismissed: (1) that the plaintiff's claim that she was denied the QSI in June 2019, a discrete act, the "singular exhausted claim" for purposes of her retaliation claim, "cannot be considered an act that contributed to Plaintiff's distinct hostile work environment claim," for purposes of timely exhaustion of the latter claim (Doc. No. 61, at 4; *see also id.* ("Plaintiff should not be allowed to bootstrap allegations specific to a hostile work environment claim to a distinct claim of disparate treatment, simply in order to escape the requirements of exhaustion."); and (2) the Magistrate Judge erred in construing the defendant's motion as arguing only that the hostile work environment claim was subject to dismissal for failure to exhaust, as she also "[c]learly identified multiple bases for dismissal," including for failure to state a claim. (*Id.* at 5.) She does not, however, include any actual argument as to why these allegations are insufficient to state a claim, other than through citing (again) *Scott* and *Younis*.

Finally, in objecting to the Magistrate Judge's recommendation regarding the constructive discharge and failure to promote claims that are not actually alleged in the Amended Complaint, the defendant asserts that she only addressed those claims in support of her Motion to Dismiss "in an abundance of caution" but that doing so "does not create a claim for the Plaintiff." (*Id.* at 7.) She then reprises her failure to timely exhaust argument. (*Id.*)

## III. DISCUSSION

### A. Hostile Work Environment

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. 2000e-2(a)(1); *see also Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). This prohibition "includes requiring people to work in a discriminatorily hostile or abusive environment." *Harris*, 510 U.S. at 21 (citing *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64

(1986)). In addition, "Title VII's antiretaliation provision forbids employer actions that 'discriminate against' an employee (or job applicant) because he has 'opposed' a practice that Title VII forbids or has 'made a charge, testified, assisted, or participated in' a Title VII 'investigation, proceeding, or hearing.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59 (2006) (quoting 42 U.S.C. § 2000e-3(a)). The Sixth Circuit "consider[s] a retaliatory hostile work environment claim as a variety of retaliation." *Khamati v. Sec'y of Dep't of the Treasury*, 557 F. App'x 434, 443 (6th Cir. 2014) (citing *Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000)).

In *Morgan*, the Supreme Court held that "a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period . . . set forth in [the governing statute]. A charge alleging a hostile work environment claim, however, will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *Morgan*, 536 U.S. at 122. The defendant argues, based on *Morgan*, that, because the plaintiff brings a discrete retaliation claim based on the denial of the QSI in June 2019, she cannot use that same discrete event to anchor her hostile work environment claim within the limitations period. (*See* Doc. No. 61, at 3–4 ("Rather, the singular exhausted claim is an employment decision, also defined as a 'discrete act' by *Morgan* and thus, it cannot be considered an act that contributed to Plaintiff's distinct hostile work environment claim.").)

*Morgan*, however, does not actually address that particular proposition, and the few circuit courts that have addressed it head-on have reached differing conclusions. In *Porter v. California Department of Corrections*, 419 F.3d 885 (9th Cir. 2005), the plaintiff asserted claims for sexual harassment and hostile work environment. For purposes of the straight discrimination claim, the

court found the claim timely, insofar as the plaintiff alleged one discrete, actionable event that occurred within the 300-day period before she filed the EEOC charge (applicable in that case)—the denial of a transfer to a different position. *Id.* at 892 (citing *Morgan*, 536 U.S. at 114, as listing the "denial of transfer" as one example of a discrete act). Regarding the hostile work environment claim, the court stated in dictum that, in determining whether a claim falls within the limitations period, it would not consider "recent discrete acts" as part of a hostile work environment claim. *Id.* at 893. Rather, a hostile work environment claim could only be timely if it was based on at least one "timely non-discrete act[]." *Id.*[4] Many district courts both within and outside the Ninth Circuit have construed *Porter* as "teach[ing] that Plaintiff's allegations of discrete acts are separate from the allegations of non-discrete acts making up his hostile work environment claim, and that merely asserting otherwise untimely discrete acts as part of a hostile work environment claim does not make them timely." *Yonemoto v. Shinseki*, 3 F. Supp. 3d 827, 845 (D. Haw. 2014); *see also Rekow v. Sebelius*, No. CIV 10-8156-PCT-PGR, 2011 WL 1791272, at *3 (D. Ariz. May 11, 2011) (collecting cases outside the Ninth Circuit holding that "a discrete act cannot be part of a hostile work environment claim and instead constitutes a separate unlawful employment practice").

Other courts, however, have reached a contrary conclusion. In *Chambless v. Louisiana-Pacific Corp.*, 481 F.3d 1345, 1349 (11th Cir. 2007), the district court applied *Porter* to find that

---

[4] The court's actual language was much more colorful:

> [W]e refuse to mix recent discrete acts like tinder with the planks of ancient sexual advances and then, regardless of whatever it was that set the spark in the furnace, call the fire that ignites therefrom a hostile environment. If the flames of an allegedly hostile environment are to rise to the level of an actionable claim, they must do so based on the fuel of timely non-discrete acts.

*Porter*, 419 F.3d at 893. This language was dictum, however, because the plaintiff's hostile work environment claim was clearly based in part on timely non-discrete events. *See id.* ("Obviously, some of these alleged events occurred after June 26, 1998.").

"timely discrete acts of discrimination could not save untimely non-discrete acts." The Eleventh Circuit disagreed, holding that, "[w]here the discrete act is sufficiently related to a hostile work environment claim so that it may be fairly considered part of the same claim, it can form the basis for consideration of untimely, non-discrete acts that are part of the same claim." *Id.* at 1350.[5] The Circuit Court for the District of Columbia has similarly rejected the proposition that "a plaintiff cannot rely on the discrete acts upon which she bases her discrimination and retaliation claims to support her hostile work environment claim." *Baird v. Gotbaum*, 662 F.3d 1246, 1252 (D.C. Cir. 2011) (internal quotation marks and citation omitted). The court stated instead that it did not read *Morgan* as dictating the conclusion that "particular acts cannot as a matter of law simultaneously support different types of Title VII claims, and of course, plaintiffs are free to plead alternative theories of harm that might stem from the same allegedly harmful conduct." *Id.* And, providing that at least one such act contributing to the hostile work environment claim "occurs within the filing period, the entire time period of the hostile environment may be considered by a court." *Id.* at 1251.

The Sixth Circuit's guidance on this question is less explicit, but it appears to have concluded, like the Ninth Circuit, that *only* non-discrete events that are not separately actionable as discriminatory or retaliatory may be considered as contributing to a hostile work environment claim[6] and, consequently, that a hostile work environment claim cannot be anchored, for statute-of-limitations purposes, to a single timely *discrete* act, when all of the non-discrete acts upon which

---

[5] The court nonetheless affirmed dismissal of the claim. It found that the "pivotal question was whether the timely discrete acts are sufficiently related to the hostile work environment claim" and that the discrete acts alleged in that case did "not meet that test." *Chambless*, 481 F.3d at 1350.

[6] *Morgan* recognizes that discrete acts still may be considered for purposes of placing non-discrete acts in context. *See Morgan*, 536 U.S. at 113 ("Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.").

the claim is based are untimely. In *Sassé v. U.S. Department of Labor*, 409 F.3d 773 (6th Cir. 2005), a whistleblower case with a 30-day limitations period, the court affirmed dismissal of a retaliatory harassment claim where the plaintiff did not allege that any adverse events took place within the 30-day window. On appeal, the plaintiff argued that the "ALJ's *sua sponte* amendment of the complaint to include his May 2000 suspension effectively rendered the complaint timely." *Id.* at 783. The court rejected this contention, finding that, "even if the amendment had been proper, his May 2000 suspension was a discrete act that cannot properly be characterized as part of a continuing hostile work environment. A suspension, like a termination, denial of transfer, or refusal to hire, constitutes a separate actionable 'unlawful employment practice.'" *Id.* (quoting *Morgan*, 536 U.S. at 114); *accord Neview v. D.O.C. Optics Corp.*, 382 F. App'x 451, 456 n.8 (6th Cir. 2010) (while affirming dismissal of the hostile work environment claims on other grounds, adding in a footnote that it was "questionable" whether her claim was timely, because the plaintiff had to "allege a non-discrete action that properly forms the basis of a hostile work environment claim . . . within the applicable [limitations] period in order for her claim to be considered timely," and her "termination constituted a discrete act of discrimination, which cannot be characterized as part of a continuing hostile work environment" (citing *Sassé*, 409 F.3d at 783)).

It is undisputed in this case that the June 2019 denial of a QSI is the only event making up the plaintiff's hostile work environment claim that fell within the limitations period. The plaintiff alleges that the denial of the QSI resulted in the loss of both "a Quality step increase ($3495 per year) and a Within wage increase in December ($3495) per year." (Doc. No. 54 ¶ 37.) In *Morgan*, the Supreme Court identified a few "easy to identify" discrete acts, including "termination, failure to promote, denial of transfer, or refusal to hire. *Morgan*, 536 U.S. at 114. The denial of a wage increase, as alleged by the plaintiff, amounts to a failure to promote and clearly falls within the

scope of such discrete acts. *Accord, e.g.*, *Jordan v. City of Cleveland*, 464 F.3d 584, 596 (6th Cir. 2006) (holding, where the plaintiff firefighter alleged that being denied the opportunity to "act" as lieutenant on a particular shift, which led to a loss of income, "denial of money would more than amply qualify as a materially adverse action as to any reasonable employee for Title VII purposes").

Based on *Sassé*, the court finds that, because the denial of the QSI constituted a discrete act upon which an actionable claim of retaliation or discrimination could be premised, it is not an action that can qualify as part of the plaintiff's hostile work environment claim. Because all of the other events upon which the plaintiff's hostile work environment claim is based occurred outside the 45-day period preceding the plaintiff's first contact with an EEOC counselor, the hostile work environment claim is subject to dismissal based on the plaintiff's failure to timely exhaust the claim. The court will therefore grant the Motion to Dismiss as to this claim and reject the R&R's recommendation to the contrary.[7]

### B.    Claims Related to 2021 EEOC Complaint

The plaintiff's Amended Complaint includes a section entitled "Administrative Proceedings" in which she alleges that she invoked EEOC procedures available to her as a federal employee in August 2019 and that she filed a formal EEOC charge in September 2019. She does not allege that she filed any additional EEOC complaint, nor does she allege facts concerning any events that occurred after June 2019, except for a single vague assertion that "[t]he actions of Kent

---

[7] Although rejecting this part of the R&R, the court emphasizes that the defendant's briefing on this issue did not adequately alert the Magistrate Judge to any caselaw supporting the defendant's position, and her Objections provide nothing new, as she simply continues to cite inapplicable opinions (*Younis* and *Scott*) holding that the plaintiffs in those cases did not raise hostile work environment claims at all in their EEOC charges or allege facts sufficient to alert the defendants to the possible existence of such claims.

Shaw and Johnathan Hunter were continuous and ongoing, [and] ultimately, Ms. Milner had to leave her position at Fort Campbell to avoid further harassment and reprisal." (Doc. No. 54 ¶ 39.)

Despite the absence of any mention of a 2021 EEOC complaint in the Amended Complaint, as well as the absence of any factual allegations post-dating June 2019, the defendant devotes a substantial amount of ink in her Memorandum in support of the Motion to Dismiss to arguing for the dismissal (for failure to exhaust) of any claim based on two events that were apparently the subject of an EEOC charge the plaintiff filed in 2021 (the "2021 EEOC complaint"): the denial of a promotion in the spring of 2020 and the plaintiff's transfer to a new position in the fall of 2020. As noted above, the plaintiff's only response to the defendant's arguments regarding the claims in the 2021 EEOC complaint is that her "contact with the EEO[C] counselor in December [2020] was timely" and that she should have the "opportunity to investigate this allegation through discovery." (Doc. No. 58, at 9.)

The Magistrate Judge's basis for not affirmatively dismissing claims addressed in the 2021 EEOC complaint was that the parties had proceeded in their briefing as if the Amended Complaint did state such claims. (*See* Doc. No. 60, at 16 ("[I]t is questionable whether these claims are even raised in Plaintiff's pleading. However, both parties have proceeded as if they were a part of this case.").) The defendant now objects to the R&R, insofar as it "seems to allow Plaintiff to proceed with a claim that is [not] exhausted and more importantly, that is not even alleged by Plaintiff in the amended complaint." (Doc. No. 612, at 6.)

The defendant's decision to dedicate large swaths of her Motion to Dismiss on an unpleaded claim is baffling, to say the least, particularly insofar as the defendant's argument is devoted to the purported failure to exhaust those claims by raising them in a timely EEOC contact, rather than a failure to plead them in the Amended Complaint. The court nonetheless finds no basis

for permitting unpleaded claims to proceed, irrespective of whether the parties' briefing treats them otherwise. Under Rule 15, unless an amendment is permissible as a matter of course under Rule 15(a)(1), a plaintiff may amend a complaint only with the opposing party's written consent or the court's permission. A motion opposing a particular putative claim cannot reasonably be construed as written permission to amend the complaint to assert that claim, and the plaintiff has not sought— nor has the court granted—permission to amend her pleading again. Moreover, although the plaintiff proceeds *pro se* now, she was represented by counsel through December 2022 and had ample opportunity prior to then to amend her pleading to include any viable claims arising from the 2021 EEOC Charge. She did not do so.

In light of these factors and despite the defendant's apparent embrace of the non-existent claims, the court finds that the Amended Complaint cannot reasonably be read to state any claim relating to the 2021 EEOC charge. Because there is no such claim, there is nothing, effectively, to dismiss. Insofar as the defendant seeks dismissal of this claim, she is simply battling a straw man of her own creation. The court declines to resolve the exhaustion issue raised in the defendant's motion and instead simply finds that the Amended Complaint does not assert or attempt to assert a claim based on the plaintiff's leaving her position at Fort Campbell (except insofar as it was incorporated in the now-abandoned wrongful termination claim) or a claim based on a failure to promote in 2020. Insofar as the Motion to Dismiss seeks dismissal of non-existent claims, it will be denied as moot. The court expresses no opinion as to the merits of such claims or as to whether the plaintiff could be permitted to amend the pleading to include these claims.

## IV.   CONCLUSION

For the reasons set forth herein, the court will accept in part and reject in part the R&R and will grant in part and deny in part the defendant's Motion to Dismiss.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge